### JOHN NEAL *versus* REUBEN BRAINERD.

Where the plaintiff, by his agreement in writing, acknowledged that he had received of the defendant, on June 15, 1841, $40,00 and on June 4, 1842, $12,00, and promised to indemnify the defendant against a certain claim and procure a discharge therefrom, when the defendant should "pay two fifty dollar notes, signed by him and payable to the plaintiff at different times, dated Aug. 18, 1840; the above named $40,00, and $12,00, are in part pay for the two fifty dollar notes above named;" and where the defendant produced at the trial of an action on the last note, the fifty dollar note first payable, cancelled; *it was held*, that these facts furnished no legal presumption, that the note taken up was paid by other money, and not by the sums mentioned in the agreement, especially, as there was testimony tending to show, that the defendant had promised to pay the note in suit.

ASSUMPSIT upon a note made by the defendant to the plaintiff, dated Aug. 18, 1840, payable in one year with interest.

At the trial, before REDINGTON, District Judge, the note was produced and read to the jury. It had an indorsement thereon of $12,00, under date of March 22, 1842.

The defendant set up the defence of payment, and brought forward and read another note given by him to the plaintiff of the same date and sum, but payable in six months, on which was no indorsement. It was also in evidence, that there was another note of the same date given by the defendant to the plaintiff for $75,00, and that the three notes were given to

the plaintiff, at the request of the defendant, he being one of the overseers of the poor of the town, to settle a claim against him as the father of a bastard child, made by the mother, one Sarah Bouldin. The defendant also read to the jury an instrument, signed by the plaintiff, of which a copy follows. "Monmouth, Dec. 16, 1840, Received of Reuben Brainerd, seventy-six dollars, fifty cents; also June 15, 1841, forty dollars, and also June 4, 1842, twelve dollars, in consideration of which I agree to clear said Brainerd from all costs or expense for the maintenance of the child of Sarah Bouldin of Litchfield, and also procure her receipt in full for costs or damage for the same, when said Brainerd shall pay two fifty dollar notes signed by him, and payable to John Neal above named; forty dollars, and also the twelve dollars are in part pay for the two fifty dollar notes above named; which are dated Aug. 18, 1840. John Neal."

The plaintiff called a witness, who testified, that at the request of the plaintiff, in March, 1842, he called on the defendant for payment of the note in suit, and that the defendant replied, that if the witness would wait a few days, he would pay some, and if he would wait until May, he, the defendant, would pay the whole.

The case was then taken from the jury, and turned into a statement of facts agreed by the parties, and was submitted to the decision of the Court, who were to draw inferences and decide facts, upon the evidence, and order the proper judgment to be entered.

The District Judge ordered judgment to be entered for the plaintiff, assessing the damages at $33,87. The defendant appealed.

*Vose,* for the plaintiff, said that the only objection, that there could possibly be to the decision of the Court below, was, that the damages were not high enough.

*May,* for the defendant, contended, that upon the facts, the law raised a presumption of payment of the note produced by the defendant, from other means, than the sums

Neal *v.* Brainerd.

mentioned in the receipt, and left those sums to go in discharge of this note.

The opinion of the Court was drawn up by

Tenney J. — On the 18th August, 1840, the defendant gave to the plaintiff, for a valid consideration, three notes of hand, one for seventy-five dollars, payable in a short time ; and two others for fifty dollars each, one payable in six months, and the other in one year, all with interest. This suit is for the note which became payable in one year. ˙The defendant insists, that it is paid, and to show the payment, introduced a paper signed by the plaintiff, in which a sum corresponding in amount with that of the first note and the interest, and two other sums, which together are a trifle less than the principal and interest upon the note, which was due in six months, is acknowledged to have been received, at different dates. By this paper, it satisfactorily appears, that the two last named notes had not been actually taken up, when the paper was given, and the one on six months, being produced at the trial by the defendant, is evidence that he took it up subsequently to the delivery of the paper aforesaid. There is nothing tending to show, that any payment was made upon the note in suit, excepting the indorsement upon it ; but on the other hand there was an admission of the defendant, that he was liable thereon by his promise to pay it at a future day.

*Judgment for the plaintiff*
*for the sum due on the note.*